UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARISH OF ST. CHARLES | CIVIL ACTION |
| VERSUS | NO. 22-3404 c/w 22-3405, 22-3407, 22-3408, 22-3411, 22-3412, 22-3413, 22-3414, 22-3415, 22-3416, 22-3417 |
| HDI GLOBAL SPECIALTY SE, *et al.* | |
| | SECTION M (5) |
| | *Pertains to all cases* |

## ORDER & REASONS

Before the Court is the motion of plaintiff the Parish of St. Charles (the "Parish") to reopen, lift stay, reconsider or set aside orders granting motion to compel arbitration and stay proceedings.[1] Defendants Certain Underwriters at Lloyd's London, severally subscribing to Certificate No. AMR-58323-04 ("Certain Underwriters"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE ("HDI"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, "Defendants") respond in opposition.[2] The Parish and Defendants reply in further support of their respective positions.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court DENIES the motion at this juncture and finds that the case should remain stayed pending the Fifth Circuit's disposition of the appeal in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Company*,

---

[1] R. Doc. 20.
[2] R. Doc. 22.
[3] R. Docs. 23; 26.

Case No. 24-30696, or *Town of Vinton v. Indian Harbor Insurance Company*, Case No. 24-30035, whichever disposition occurs first.

On January 31, 2023, this Court granted Defendants' motion to stay and compel arbitration finding that, under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention") and the equitable estoppel doctrine, the Parish was required to arbitrate its claims against all defendant insurers – foreign and domestic – because the overarching surplus lines insurance contract had an arbitration clause and the Parish's claims against all Defendants were inextricably intertwined.[4] The Court further found that La. R.S. 22:868(A)(2), which generally prohibits insurance contracts from including arbitration clauses that deprive Louisiana courts of jurisdiction over any action against an insurer, did not apply to surplus lines insurance policies because subsection (D) states that "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance," and the arbitration provision at issue amounted to a forum or venue selection clause under applicable law.[5]

On October 25, 2024, the Louisiana supreme court, answering certified questions posed by the United States District Court for the Western District of Louisiana, clarified Louisiana law on two relevant points. *See Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 395 So. 3d 717 (La. 2024). First, that court held that La. R.S. 22:868(D) did not repeal "Subsection A's prohibition of arbitration clauses in all insurance contracts issued in Louisiana, as the enforcement of such clauses deprives Louisiana courts of jurisdiction." *Id.* at 725. Also relevant here, the court held that domestic insurers cannot use equitable estoppel under state law to enforce an arbitration clause

---

[4] R. Doc. 18.
[5] *Id.*

in another insurer's policy in contravention of the positive law prohibiting arbitration found in La. R.S. 22:868(A)(2). *Id.* at 728-29.

In the wake of *Police Jury*, some sections of this court have granted motions to reconsider pre-*Police Jury* orders compelling arbitration of claims involving domestic insurers. *See Certain Underwriters at Lloyd's London v. Belmont Commons LLC*, 2025 WL 239087 (Jan. 17, 2025); *Crescent City Surgical Operating Co. v. Certain Underwriters at Lloyd's, London*, 2025 WL 239404 (Jan. 17, 2025); *3501 N. Causeway Assocs., LLC v. Certain Underwriters at Lloyd's, London*, 348 F.R.D. 298 (Feb. 4, 2025); *Apex Hosp. Grp, LLC v. Indep. Specialty Ins. Co.*, 2025 WL 457874 (Feb. 11, 2025); *Ramsey v. Indep. Specialty Ins. Co.*, 2025 WL 624031 (Feb. 26, 2025). However, other sections have held that, even after *Police Jury*, domestic insurers may still rely on the federal common-law doctrine of equitable estoppel to compel arbitration in these types of cases. *See Par. of Lafourche v. Indian Harbor Ins. Co.*, 2025 WL 754333 (Mar. 10, 2025); *Arrive NOLA Hotel, LLC v. Certain Underwriters at Lloyds, London*, 2025 WL 871608 (Mar. 20, 2025).

Here, the Parish argues that this Court should follow the sections that have granted the motions to reconsider and allow this litigation to proceed against the domestic insurers while the Parish's claims against the foreign insurers – Certain Underwriters and HDI – remain in arbitration.[6] Defendants respond that this Court should follow the sections that have denied reconsideration on the ground that the domestic insurers rightly invoked equitable estoppel to compel arbitration as to the Parish's claims against them.[7] Nevertheless, Defendants also point this Court to a third option – keeping the stay in place pending the Fifth Circuit's disposition of the appeal in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Company*, Case No. 24-

---

[6] R. Docs. 20; 23.
[7] R. Docs. 22; 26.

30696, or *Town of Vinton v. Indian Harbor Insurance Company*, Case No. 24-30035, whichever occurs first.[8]

The Court finds that this third option is the prudent path. These cases raise on appeal to the Fifth Circuit the two questions relevant to the disposition of the Parish's motion. The first question is whether a surplus lines insurance policy providing coverage issued by both foreign and domestic insurers, like the policy at issue here, is properly construed as (a) one overarching contract to which all insurers – domestic and foreign – are parties; or (b) separate contracts between the insured and each individual insurer. If the policy is one overarching contract, the domestic insurers would not need to resort to equitable estoppel to compel arbitration under the Convention. The second question is whether, if an insurance policy like the one at issue is properly construed as separate contracts between the insured and each individual insurer, a domestic insurer may nonetheless invoke equitable estoppel to compel arbitration under the Convention. This second question is the one that has divided the other sections of this court. Given that the Fifth Circuit will soon have an opportunity to weigh in on these issues, this Court finds it best to keep the stay in place at this time.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Parish's motion is DENIED without prejudice to refiling an appropriate motion after the Fifth Circuit rules in either *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Company*, Case No. 24-30696, or *Town of Vinton v. Indian Harbor Insurance Company*, Case No. 24-30035.[9]

---

[8] R. Doc. 22 at 23-24.
[9] Other of the post-*Police Jury* cases from the Eastern District of Louisiana listed above have also been appealed. If a relevant decision is rendered in any of those cases sooner, the Parish (or any other party) may file an appropriate motion.

New Orleans, Louisiana, this 17th day of April, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE